UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DONALD BISHOP, | ) |
| Petitioner, | ) |
| v. | ) Case No. 7:21-cv-01434-LSC-HNJ |
| WARDEN, HAMILTON AGED & INFIRMED, et al., | ) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

The Magistrate Judge entered a report (Doc. 20) on February 2, 2024, recommending the court **DENY** petitioner Donald Bishop's ("Bishop") *pro se* final amended petition and second *pro se* final amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 10; Doc. 12); **DISMISS WITH PREJUDICE** his Sixth Amendment claims and his claim asserting the Circuit Court misinformed him regarding his eligibility for parole at his guilty-plea colloquy as not properly exhausted and procedurally defaulted; **DISMISS WITH PREJUDICE** his remaining claims as meritless; and **DENY** Bishop's Motion for Appointment of Counsel (Doc. 18). The court received Bishop's second Motion to Appoint Counsel (Doc. 21) and his Bishop's objections (Doc. 22) on February 12, 2024.

In his objections Bishop argues a motion to withdraw a guilty plea constitutes a critical stage in a criminal proceeding requiring effective assistance of counsel, and

the Circuit Court of Pickens County, Alabama ("Circuit Court") violated Bishop's Sixth Amendment right to counsel when it denied Bishop's *pro se* motion to withdraw his guilty plea without conducting a hearing or making a determination Bishop waived his right to counsel with respect to the motion. (Doc. 22 at 1-2, 4, 5-6, 8, 9-10). Bishop further argues the Circuit Court improperly informed him of his parole eligibility rendering his guilty plea unknowing. (Doc. 22 at 3, 5, 6-8). Bishop asserts he preserved these issues for appeal by presenting them in his *pro se* motion to withdraw his guilty plea filed in the Circuit Court. (Doc. 22 at 8). Regardless of the merits of Bishop's claims or whether Bishop preserved these issues for appeal pursuant to Alabama law, he failed to present these claims to the Circuit Court, the Alabama Court of Criminal Appeal ("ACCA"), **and** the Alabama Supreme Court as required to properly exhaust his claims pursuant to federal law.

In Alabama, one complete round of the appellate review process includes presentation of the petitioner's federal habeas claims to the ACCA and the Alabama Supreme Court. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) (finding "no error in the district court's conclusion that [the petitioner] failed to exhaust his state remedies by not petitioning the Alabama Supreme Court for discretionary review of the denial of his state habeas petition"). Therefore, to properly exhaust a federal habeas claim challenging a conviction and/or sentence issued by an Alabama state court, a petitioner must present the claim to the state trial court, to the ACCA

2

through an appeal, *and* to the Alabama Supreme Court through a petition for discretionary review.  *See id.*; *Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001); ALA. R. APP. P. 39, 40.  A petitioner may properly exhaust his federal habeas claim in Alabama state courts either by a presentation of the claim through a direct appeal of the conviction or through a state post-conviction motion, typically a Rule 32 petition, and appeal therefrom.  *See Pruitt*, 348 F.3d at 1359; *Smith*, 256 F.3d at 1140-41.

As the Magistrate Judge recounted in his Report and Recommendation, Bishop failed to present his Sixth Amendment claims and his claim asserting the Circuit Court misinformed him regarding his eligibility for parole at his guilty-plea colloquy to the ACCA on direct appeal of his resentencing or to the Alabama Supreme Court in his petition for certiorari review regarding the appeal of his eighth Rule 32 petition.  (*See* Doc. 20 at 28-30).  Thus, Bishop's claims stand not properly exhausted.  Moreover, the *Alabama Rules of Criminal Procedure* preclude him from reasserting these claims.  *See* ALA. R. CRIM. P. 32.2(c) (providing that a Rule 32 petition must be filed within one year after the ACCA issues a certificate of judgment if the petitioner appealed his conviction to the ACCA);[1] *see also Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998) (holding even when a state appellate

---

[1] The ACCA issued the Certificate of Judgment finalizing Bishop's September 21, 2021, resentencing on August 12, 2022.  (Doc. 15-21 at 33).

3

court does not apply procedural bars to a petitioner's claim, "[f]ederal courts may apply state rules about procedural bars to conclude that further attempts at exhaustion would be futile"); *Clark v. Comm'r, Ala. Dep't of Corr.*, 988 F.3d 1326, 1329 (11th Cir. 2021) (finding if petitioner were to attempt to raise claims he failed to present to the ACCA or Alabama Supreme Court in a new Rule 32 petition, said claims "would almost assuredly be rejected on Alabama's 'firmly established and consistently applied procedural grounds'" as time-barred pursuant to ALA. R. CRIM. P. 32.2(c) or dismissed as a second or successive petition pursuant to ALA. R. CRIM. P. 32.2(b) (quoting *Henderson v. Campbell*, 353 F.3d 880, 899 (11th Cir. 2003))); *Henderson*, 353 F.3d at 899 (finding if petitioner asserted his undue influence claim in a "new Rule 32 petition" the Alabama courts would reject it based upon the "firmly established and consistently applied procedural grounds" of Rule 32.2(b) (barring successive petitions) or Rule 32.2(c) (statute of limitations) of the *Alabama Rules of Criminal Procedure*); *Bailey v. Nagle*, 172 F.3d 1299, 1305-06 (11th Cir. 1999) (per curiam) (finding Rule 32.2(b) and Rule 32.2(c) of the *Alabama Rules of Criminal Procedure* would bar the review of unexhausted claims asserted by petitioner in a new Rule 32 petition). Therefore, the doctrine of procedural default

precludes federal habeas review of the claims Bishop did not present to the Alabama Supreme Court.[2]

After careful consideration of the record in this case, the Magistrate Judge's report, and Bishop's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation.  Consistent with that recommendation, the court finds that Bishop's *pro se* final amended petition and second *pro se* final amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 10; Doc. 12) are due to be **DENIED**; his Sixth Amendment claims and his claim asserting the Circuit Court misinformed him regarding his eligibility for parole at his guilty-plea colloquy are due to be **DISMISSED WITH PREJUDICE** as not properly exhausted and procedurally defaulted; and his remaining claims are due to be **DISMISSED WITH PREJUDICE** as meritless.  A final judgment will be entered.

It is **ORDERED** that Bishop's Motions for Appointment of Counsel (Doc. 18; Doc. 21) are **DENIED** for the reasons set forth in the Magistrate Judge's Report and Recommendation (Doc. 20 at 56-57).

---

[2] Bishop does not challenge the Magistrate Judge's conclusion neither exception to the doctrine of procedure default applies to his case.  (*See generally* Doc. 22).

**DONE** and **ORDERED** on February 22, 2024.

_____
L. Scott Coogler
United States District Judge

160704